UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CYNTHIA SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| WASHINGTON UNIVERSITY | ) | |
| IN ST. LOUIS | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

COMES NOW, Plaintiff Cynthia Sanford, by and through her undersigned counsel, and for her Complaint and causes of action against Washington University, states and alleges as follows:

JURISDICTION AND VENUE

1.    Plaintiff Cynthia Sanford (hereinafter referred to as "Plaintiff") brings this action against Defendant Washington University (hereinafter referred to as "Defendant") for their violations of Plaintiff's rights under the Constitution and laws of both the United States of America and the State of Missouri.

2.    This is an action for unlawful discrimination by retaliation and based on sex brought under and pursuant to Title VII of the Civil Rights Act, unlawful discrimination by retaliation and based on sex brought under Chapter 213 of the Missouri Revised Statutes (hereinafter referred to as "R.S.Mo." and 42 U.S.C. §1981, unlawful discrimination based on age brought under Title I of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. (hereinafter referred to as "ADEA"), unlawful discrimination based on disability brought under

American with Disabilities Act of 1990, 42 U.S.C. §§12101 (hereinafter referred to as "ADA"), et seq., and wrongful termination brought pursuant to the common law of the State of Missouri.

3.      On or about December 26, 2014, Plaintiff was deemed to have filed her Charges of Discrimination with both the Missouri Commission on Human Rights (hereinafter referred to as "MCHR") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), complaining of the acts of discrimination by retaliation, based on sex, age, and disability as alleged herein.

4.      Plaintiff received her Notice of Right to Sue from the EEOC on or about September 11, 2015.  See attached Notice of Right to Sue attached hereto, incorporated by reference herein and marked as Exhibit 1.  Plaintiff's Notice of Right to Sue from the MCHR was dated September 21, 2015.  See attached Notice of Right to Sue attached hereto, incorporated by reference herein and marked as Exhibit 2.

5.      Accordingly, Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under Title VII, 42 U.S.C. §2000 et seq., the Missouri Human Rights Act, §213 R.S.Mo. (1994) et seq, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. and 28 U.S.C. §§1343, 1331, and the American with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.

6.      The discriminatory action of Defendant occurred in the City of St. Louis, State of Missouri.

7.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 for Plaintiff's claims under Title VII, 42 U.S.C. §198 relative to discrimination by retaliation and based on sex, under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. and 28 U.S.C. §§1343, 1331, relative to discrimination based on age, under the American with

Disabilities Act, 28 U.S.C. §1331 relative to discrimination based on disability, and more specifically this is a federal question of law. Supplemental jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1367(a) for the Chapter 213 R.S.Mo. claims and the common law wrongful termination claim.

8.     Venue is proper in this District pursuant to 28 U.S.C §1391(b)(2) in that Defendant's unlawful employment practices and misconduct were committed in City of St. Louis, State of Missouri.

9.     Plaintiff requests a trial by jury on all issues triable to a jury.

PARTIES

10.     Plaintiff Cynthia Sanford, is and was at all times relevant to this action a citizen and resident of the City of St. Louis, State of Missouri, and was continuously employed by Defendant from on or about June 30th 2014 to October 2014.

11.     At all times relevant to this action, Defendant Washington University was a private research university doing business in the State of Missouri, with a campus located in St. Louis City, Missouri and is an employer within the meaning of Title VII, the MHRA, the ADEA, and the ADA.

12.     All of Defendant's conduct, acts and omissions were performed by its agents, representatives and employees while in the course and scope of their agency employment.

FACTS COMMON TO ALL COUNTS

13.     On or about June 30, 2014 Plaintiff was employed by Defendant in the position of Tech II, Animal Care Technician, in the City of St. Louis, Missouri.

14.     During the course of Plaintiff's employment she was transferred to a lower level position upon returning from time off to address her high blood pressure.

3

15. Specifically, on June 30, 2014 Plaintiff returned to work following the aforementioned time off due to high blood pressure and was demoted to the position of a floater instead of her regular position as a Tech II, Animal Care Technician in favor of a younger, male employee. The demotion was reported to a Human Resources Specialist employed by Defendant, Sandra Sledge on July 17, 2014.

16. Additionally, Plaintiff reported multiple instances of sexual harassment by her Supervisor, Matthew Smith to Ms. Sledge on that same date (July 17, 2014). Plaintiff threatened to file a complaint against Mr. Smith prior to her demotion June 30th but did not formally file a complaint until this date. Ms. Sledge informed Plaintiff that an investigation in to her claims would be undertaken by Defendant.

17. Plaintiff was never made aware of any investigation in to the aforementioned claims and never received information relative to an outcome of the promised investigation.

18. Thereafter, Plaintiff remained in the "Floater" position which led to Plaintiff reinjuring her back and requiring her to use her leave including leave provided to Plaintiff by the Family Medical Leave Act (hereinafter referred to as "FMLA").

19. In October of 2014, Plaintiff was informed that her FMLA leave had run out, that her job was no longer available, and she was being terminated.

20. Further, Plaintiff was never engaged in the interactive process to determine if there was another job available which she could perform that would reduce the possibility of reinjuring her back or further health complications.

21. In the course of her employment, Plaintiff consistently performed her job duties above at a satisfactory level.

22.     In engaging in the aforementioned unlawful practices, Defendant acted in conscious and reckless disregard for Plaintiff's federal and state protected civil rights. Such disregard caused Plaintiff loss of past and future income plus benefits, most notably of which, her access to resources to care for her health needs.

23.     Defendant's acts or inactions were the proximate cause of Plaintiff's damages.

24.     Defendant's behavior in fact damaged Plaintiff and Defendant's behavior was willful and wanton and such actions constitute the requisite acts to support and justify punitive damages.

25.     Defendant acted with malice or reckless indifference to both federal and state laws, and it made no good faith effort to comply with either federal or state law. Such actions constitute the requisite acts to support and justify punitive damages.

26.     As a direct and proximate result of Defendant's actions and inactions alleged herein, Plaintiff has sustained, and is reasonably certain to sustain in the future irreparable harm in numerous respects, including, but not limited to the following:

   a.  Pecuniary and non-pecuniary losses, including, but not limited to, past and future lost wages, employment and job benefits, inconvenience;

   b.  Loss of prestige among her co-workers and friends;

   c.  Damages relative to embarrassment, humiliation, damage to reputation, and emotional distress;

   d.  Attorney's fees and expenses in pursuing redress for the wrong she has suffered by the actions of the Defendant; and

   e.  Permanent damage to her ability to secure employment at a level with similar and higher pay and at a level below what her experience and training should generate.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

27.    Plaintiff restates paragraphs 1 through 26 above and incorporates them by reference as if fully restated herein.

28.    Defendant intentionally engaged in unlawful employment practices by discriminating against the Plaintiff based upon retaliation for having complained of sexual harassment by her supervisor, that being disparate treatment, all in in violation of Title VII of the Civil Rights Act of 1964.

29.    Defendant's discrimination against Plaintiff, includes, but is not limited to retaliation against Plaintiff by demoting her to a lesser position upon her threat to file a report regarding sexual harassment by her supervisor and termination of Plaintiff following the filing of a formal complaint with Defendant's Human Resources Specialist.

30.    The above-described actions are discriminatory in nature and specifically designated to harass Plaintiff.

31.    Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to retaliation against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count I in her favor and against the Defendants, jointly and severally, and requests the following relief:

   a.   Declaring all acts in violation of Title VII;

   b.   Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c.  That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d.  That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e.  That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

COUNT II
RETALIATION IN VIOLATION OF THE MHRA

32.  Plaintiff restates paragraphs 1 through 31 above and incorporates them by reference as if fully reinstated herein.

33.  This count is instituted under and pursuant to §213.070(2) R.S.Mo. (2000).

34.  At all relevant times, Defendants were an "employer" within the meaning set forth in Chapter 213 R.S.Mo.

35.  Defendants have violated the above state statute by discriminating against Plaintiff in a way which deprived Plaintiff of employment opportunities and otherwise denied or jeopardized her status adversely as an employee because of her actions in filing a complaint.

36.  Plaintiff suffered damages as a result of the discrimination against her as described more fully above.

37.  Defendant's treatment of Plaintiff was willful, wanton, malicious, and in conscious disregard to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count I in her favor and against the Defendants, jointly and severally, and requests the following relief:

a.  Declaring all acts in violation of Title VII and the MHRA;

7

b.  Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c.  That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d.  That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e.  That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT III
### DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

38.    Plaintiff restates paragraphs 1 through 37 above and incorporates them by reference as if fully restated herein.

39.    This count is instituted under 42 U.S.C. §2000e-2 (a)(1) of Title VII.

40.    Plaintiff is a female and at all relevant times was employed by Defendant in the St. Louis City, Missouri.

41.    Defendant discriminated against Plaintiff on account of her sex (female) in violation of the above stated statue by demoting Plaintiff from her current position in favor of a male employee.

42.    The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of her sex.

43.     Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to discrimination based on sex against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count III in her favor and against the Defendants, jointly and severally, and requests the following relief:

a. Declaring all acts in violation of Title VII;

b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT IV
## DISCRIMINATION BASED ON SEX IN VIOLATION OF MHRA

44.     Plaintiff restates paragraphs 1 through 43 above and incorporates them by reference as if fully restated herein.

45.     This count is instituted under and pursuant to §213.055 (1)(a) R.S.Mo. (1999).

46.     Plaintiff is a female and at all relevant times a citizen and resident of St. Louis County, Missouri.

47.     At all relevant times, Defendants were an "employer" within the meaning set forth in Chapter 213 R.S.Mo.

48.     Defendant discriminated against Plaintiff on account of her sex (female) in violation of the above stated statue by demoting Plaintiff from her current position in favor of a male employee.

49.     The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of her sex.

50.     Plaintiff suffered damages as a result of the discrimination against her as described more fully above.

51.     Defendant's treatment of Plaintiff was willful, wanton, malicious, and in conscious disregard to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count IV in her favor and against the Defendants, jointly and severally, and requests the following relief:

a.  Declaring all acts in violation of Title VII and the MHRA;

b.  Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c.  That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d.  That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e.   That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT V
## DISCRIMINATION BASED ON AGE IN VIOLATION OF ADEA

52.   Plaintiff restates paragraphs 1 through 51 above and incorporates them by reference as if fully restated herein.

53.   At the time of Plaintiff's demotion Plaintiff was 59 years of age and was in the protected group under the ADEA, 29 U.S.C. §621, et seq.

54.   At all times relevant hereto, Plaintiff performed her job duties to Defendant's legitimate satisfaction.

55.   Defendant discriminated against Plaintiff on account of her age in violation of the above stated statute by demoting Plaintiff and transferring her job responsibilities to a significantly younger employee

56.   The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of her age.

57.   Plaintiff seeks damages under the Age Discrimination in Employment Act for the Defendant's unlawful employment practices which are related in whole or in part to discrimination based on age against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count V in her favor and against the Defendants, jointly and severally, and requests the following relief:

a.   Declaring all acts in violation of ADEA;

b.   Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have

11

received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT VI
## DISCRIMINATION BASED ON AGE IN VIOLATION OF MHRA

58.   Plaintiff restates paragraphs 1 through 57 above and incorporates them by reference as if fully restated herein.

59.   Plaintiff had previously performed her duties and responsibilities in a competent and satisfactory manner while in Defendant's employ, and met the applicable job qualifications pursuant to R.S.Mo. §213.010, et seq.

60.   Defendant discriminated against Plaintiff on account of her age in violation of the above stated statute by demoting Plaintiff and transferring her job responsibilities to a significantly younger employee

61.   The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of her age.

62.   Plaintiff suffered damages as a result of the discrimination against her as described more fully above.

63.     Defendant's treatment of Plaintiff was willful, wanton, malicious, and in conscious disregard to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count VI in her favor and against the Defendants, jointly and severally, and requests the following relief:

    a.  Declaring all acts in violation of the ADEA and the MHRA;

    b.  Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

    c.  That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

    d.  That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

    e.  That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT VII
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF ADA

64.     Plaintiff restates paragraphs 1 through 63 above and incorporates them by reference as if fully restated herein.

65.     Plaintiff

66.     As a result of these conditions, Plaintiff is disabled in that many of her major life activities have been substantially limited.

67.    Defendants perceived or regarded Plaintiff as disabled because she had an accepted FMLA claim for her back and high blood pressure.

68.    During her employment with Defendant, Plaintiff was able to perform the essential functions of his job with and without reasonable accommodation, and continually performed at an above average level.

69.    Defendant discriminated against Plaintiff on the basis of her disability by demoting Plaintiff when her disability required her to miss a substantial amount of work, as well as, terminating Plaintiff because she was unable to work due to her disability.

70.    Plaintiff's disability was a substantial or motivating factor in Defendant's adverse employment actions against Plaintiff.

71.    Defendant's discrimination against Plaintiff because of her disability has violated her right to be free from discrimination under the American with Disabilities Act of 1990, 42 U.S.C. §§12101, et seq.

72.    The above-described actions are discriminatory in nature and specifically designated to harass Plaintiff.

73.    Plaintiff seeks damages under the ADA for the Defendant's unlawful employment practices which are related in whole or in part to the disability of the Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count VII in her favor and against the Defendants, jointly and severally, and requests the following relief:

   a.   Declaring all acts in violation of the ADA;

   b.   Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have

received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT VIII
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF MHRA

74.  Plaintiff restates paragraphs 1 through 73 above and incorporates them by reference as if fully restated herein.

75.  Defendant's discrimination against Plaintiff because of Plaintiff's disability has violated her right to be free from discrimination under the MHRA R.S.Mo. §§ 213.010, et seq.

76.  Plaintiff suffered damages as a result of the discrimination against her as described more fully above.

77.  Defendant's treatment of Plaintiff was willful, wanton, malicious, and in conscious disregard to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count VIII in her favor and against the Defendants, jointly and severally, and requests the following relief:

a. Declaring all acts in violation of the ADA and the MHRA;

b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have

received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c.  That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d.  That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e.  That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

COUNT IX<br>
<u>WRONGFUL TERMINATION PURSUANT TO STATE COMMON LAW</u>

78.  Plaintiff restates paragraphs 1 through 56 above and incorporates them by reference as if fully restated herein.

79.  Defendants employed Plaintiff as an at-will employee.

80.  The public policy of the State of Missouri prohibits an employer from terminating an employee's employment because such employee reported wrongdoing or violations of law to her superiors.

81.  Plaintiff reported wrongdoing or violations of law to her superiors, namely, she reported the violations of Title VII, the MHRA, the ADEA, and the ADA as described in this complaint.

82.  Defendant terminated Plaintiff's employment after Plaintiff reported the violations of Title VII, the MHRA, the ADEA, and the ADA.

83.  Plaintiff's reports of violations of Title VII, the MHRA, the ADEA, and the ADA were a contributing factor or cause of Defendant's termination of employment.

16

84. Defendant's termination of Plaintiff's employment was motivated by retaliatory intent.

85. Plaintiff suffered injury and damage as a result of Defendant's wrongful termination of her employment, including but not limited to, lost wages and benefits, reduced future earning capacity, mental distress and anguish, emotional distress, and humiliation.

86. Defendant's wrongful termination of Plaintiff's employment was outrageous, with malice or deliberate indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count VIII in her favor and against the Defendants, jointly and severally, and requests the following relief:

a. Declaring all acts in violation of the ADA and the MHRA;

b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

Respectfully submitted,


CLARK LAW OFFICES, LLC


/s/ William J. Clark, IV
William J. Clark
MBE #40134
4818 Washington Blvd
Suite 103
St. Louis, MO 63108
Ph:  (314) 495-8797
Fax: (866) 970-2437
Email:  williamclark687@gmail.com


Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to Joseph Sklansky, Attorney for Defendant, P.O. Box 1058, One Brookings Drive, St. Louis, Missouri 63130 this 8th day of December 2015.


/s/ William J. Clark, IV
William J. Clark
MBE# 40134